UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE GRAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID J. SHULKIN,<br><br>　　　　Defendant. | Case No. 17-cv-03973-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY**<br><br>Re: Dkt. No. 70, 92 |

Pending before the Court are Defendant's motion for summary judgment, Dkt. No. 70 ("Mot."), and Plaintiff's Rule 56(d) motion for additional discovery, Dkt. No. 92. For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for additional discovery.

**I.　BACKGROUND**

On July 14, 2017, Rochelle Gray, a 63 year old African American woman and pro se Plaintiff, sued the Secretary of Veterans Affairs, alleging that she was fired from the Veterans Affairs Palo Alto Health Care System (VAPAHCS) due to race and/or age discrimination. Dkt. No. 1; Dkt. No. 19 ("FAC") at 10; Dkt. No. 76 ("Gray Depo.") at 22:23–24.

Between August 2009 and her termination in 2016, Ms. Gray worked as an Inpatient/Outpatient Clinical Pharmacist in the Menlo Park VA Pharmacy. Dkt. No. 72 ("Robertson Decl.") ¶ 4. From December 2011 until her termination, Ms. Gray was supervised by Kacy Tran. Dkt. No. 73 ("Tran Decl.") ¶ 4. Beginning in October 2015, Ms. Tran identified multiple issues with Ms. Gray's job performance. Tran Decl. ¶ 8; Dkt. No. 87-1 ("Gray Decl.") ¶¶ 20–47. As a result of these issues, Ms. Gray was placed on a "performance improvement plan" (PIP) in March 2016, indicating that Ms. Gray had 90 days to meet certain performance criteria.

Robertson Decl. ¶¶ 14–15, Ex. 3.  On June 24, 2016, VAPAHCS sent Ms. Gray a letter of removal stating that she had "failed to improve and demonstrate an overall acceptable performance level," and listing several performance-related incidents.  Robertson Decl. ¶ 16; Ex. 4.

Ms. Gray filed a formal VA complaint on January 11, 2017, alleging that she was discriminated against based on race, age, and sex.  Dkt. No. 71-4.  On September 7, 2017, the VA concluded that Ms. Gray provided "no relevant comparative evidence to suggest that [she] was treated less favorably than similarly situated employees," nor "any other evidence sufficient to establish the required inference of discrimination," and denied Ms. Gray's complaint on that basis.  *Id.* at 4–5.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party.  *Id.*  The Court views the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

The moving party bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102

(9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex Corp.*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts enter summary judgment in favor of the movant. *Celotex Corp.*, 477 U.S. at 323.

### B. Prima Facie Discrimination

"The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). Plaintiff "has the burden of establishing a prima facie case by showing that (1) [she] is a member of a protected class; (2) [she] was qualified for [her] position; (3) [she] experienced an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). "As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). However, "purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not

3

bar summary judgment." *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988).

## III. DISCUSSION

### A. Motion for Summary Judgment

Defendant concedes that Ms. Gray is a member of a protected class, was qualified for her position, and that removal from her position at the VA constitutes an adverse employment action. Mot. at 13. Defendant contends, however, that Ms. Gray has not shown that similarly-situated individuals outside her protected class were treated more favorably, or that any other circumstances surrounding her removal give rise to an inference of discrimination. *Id.*

Here, Ms. Gray has provided no evidence that any other similarly-situated VA employees were treated more favorably than she was, or that the stated performance-based motives for her removal were pretextual. Ms. Gray contends that she was removed before the 90-day PIP period had expired, and therefore did not have a reasonable opportunity to improve. Gray Decl. ¶ 59. She does not, however, dispute the many performance issues identified by her supervisor in October 2015 or the subsequent incidents cited in her letter of removal. Rather, Ms. Gray contends that all of her errors were minor and did not cause any harm to a patient. *Id.* ¶¶ 20–47. Ms. Gray additionally contends that "other pharmacist[s] have made similar medication errors," but notes that she has no documentary evidence regarding who those other pharmacists are, or what they did. Dkt. No. 87 ("Opp.") at 3. And Ms. Gray additionally provides no evidence that any other pharmacists who made similar errors were otherwise similarly-situated, were not members of her protected classes, and were not subject to similar consequences.

None of Ms. Gray's allegations give rise to an inference of race, sex, or age discrimination, or amount to even the "very little" evidence required to defeat Defendant's motion. *See Chuang*, 225 F.3d at 1124. Ms. Gray has offered only conclusory assertions of discrimination without any supporting evidence. In contrast, Defendant presents substantial evidence that no other pharmacist had performance issues similar to Ms. Gray. Tran Decl. ¶ 24 (stating that "during the 2014 through 2017 fiscal years, no pharmacist other than Ms. Gray made more than three medication errors in any Critical Element per fiscal year," and that "[i]n fiscal year 2016 . . . Ms. Gray had 13

4

1 errors prior to March 2016 . . . and at least 18 in the 48 days thereafter."), Ex. 6 (error tracking
2 sheets for fiscal years 2014–2017).

### B. Plaintiff's Request for Additional Discovery

After the hearing on the motion for summary judgment, Ms. Gray filed a request for additional discovery that this Court construes as a Rule 56(d) motion. At summary judgment, where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may (as relevant here) "defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1). "To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in an affidavit the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

Ms. Gray contends that the Electronic Patient Event Report ("ePER") data held by VAPAHCS for pharmacists at the Palo Alto, Menlo Park, Livermore, Stockton, San Jose, Fremont, Capitola, Monterey, Modesto, and Sonora facilities is likely to show that she was "treated differently than other pharmacists who made similar or significant medication errors." Dkt. No. 92 ¶ 6. Ms. Gray's initial request for the ePER data was resolved by Magistrate Judge Ryu on August 9, 2018. Dkt. No. 68. Judge Ryu denied Ms. Gray's request for ePER data and instead ordered Defendant to produce a verified interrogatory response explaining "that no pharmacist in the VA Palo Alto Health Care System (VAHCS) other than Ms. Gray has made 3 or more medication errors in any given medication error category and triggered a PIP during the time period of 2014–2017." *Id.* at 1.

As discussed above, Defendant has made such a showing. *See* Tran Decl. ¶ 24 (stating that "during the 2014 through 2017 fiscal years, no pharmacist other than Ms. Gray made more than three medication errors in any Critical Element per fiscal year," and that "[i]n fiscal year 2016 . . . Ms. Gray had 13 errors prior to March 2016 . . . and at least 18 in the 48 days thereafter."), Ex. 6 (error tracking sheets for fiscal years 2014–2017). Ms. Gray's request has no apparent basis aside

from her own conjecture that other pharmacists who are not African American, or not female, or are younger than Ms. Gray, made comparable errors and were treated differently. Plaintiff's speculation alone is not a sufficient basis for a Rule 56(d) motion. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (noting that denial of a request for additional discovery "is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation.").

## IV. CONCLUSION

The Court cannot grant Plaintiff's request for additional discovery without any demonstration that the evidence Plaintiff seeks actually exists. The Court therefore **DENIES** Plaintiff's Rule 56(d) request for additional discovery. Based on the evidence presented, Ms. Gray has failed to raise a material issue of fact connecting any adverse employment action taken against her to race, sex, or age discrimination. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment as to Plaintiff's employment discrimination claims. The clerk shall vacate all further proceedings, enter judgment in favor of Defendant, and close the file.

**IT IS SO ORDERED.**

Dated: 12/11/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge